UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FAHED ISMAT ZAWAIDEH,<br><br>         Plaintiff,<br><br>v.<br><br>BMW OF NORTH AMERICA, LLC,<br><br>         Defendant. | Case No.: 17-CV-2151 W (KSC)<br><br>**ORDER GRANTING MOTION TO REMAND [DOC. 5]** |

  Pending before the Court is Plaintiff Fahed Ismat Zawaideh's motion to remand this case to the San Diego Superior Court. Defendant opposes.

  The Court takes the matter under submission and without oral argument. See Civ. R. 7.1(d)(1). For the following reasons, the Court **GRANTS** the motion [Doc. 5] and **ORDERS** the case remanded.

//
//
//
//
//

1

## I. RELEVANT BACKGROUND

This case arises from Plaintiff Fahed Ismat Zawaideh's lease of a 2016 BMW 740I from BMW of El Cajon. (*Compl.* ¶ 6.[1]) According to Plaintiff, the vehicle was covered by an express warranty, by which Defendant BMW of North America, LLC "undertook to preserve or maintain the utility or performance of Plaintiff's Vehicle or provide compensation if there was a failure in such utility or performance." (*Id.*) The Complaint alleges, however, that the "Vehicle was delivered to Plaintiff with serious defects and nonconformities to warranty and developed other serious defects and nonconformities to warranty." (*Id.* ¶ 7.)

On September 18, 2017, Plaintiff filed a lawsuit against Defendant in the San Diego Superior Court. The Complaint asserts a single cause of action for Violation of the Song-Beverly Consumer Warranty Act, Civil Code § 1750 *et seq.*, and seeks, among other things, general damages, rescission of the sale contract, incidental and consequential damages, a civil penalty of two times Plaintiff's actual damages, and reasonable attorney's fees and costs. (*Compl.* ¶ 9 and Prayer ¶¶ 1–6.)

On October 19, 2017, Defendant removed the case to this Court based on diversity jurisdiction. Plaintiff now moves to remand the case.

## II. LEGAL STANDARD

"Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). "They possess only that power authorized by Constitution or a statute, which is not to be expanded by judicial decree." Id. (internal citations omitted). "It is to be presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations omitted).

---

[1] The Complaint is attached to the Notice of Removal [Doc. 1] as Exhibit A [Doc. 1-2].

Consistent with the limited jurisdiction of federal courts, the removal statute is strictly construed against removal jurisdiction. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). "The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." Id. "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id.

### III. DISCUSSION

Plaintiff argues the case must be remanded because Defendant cannot establish that the amount in controversy exceeds $75,000. (*Mot. to Remand* [Doc. 5] 5:16–9:1.) Defendant contends this amount is satisfied by adding the amounts for restitution, consequential and incidental damages, civil penalties, and reasonable attorney's fees. (*Opp'n* [Doc. 5] 1:6–9.)

To determine whether the amount in controversy has been met on removal, "[t]he district court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." Singer v. State Farm Mutual Auto Ins. Co., 116 F.3d 373, 377 (9th Cir. 1997). Where the state-court complaint does not specify an exact damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" satisfies the federal diversity-jurisdiction requirement. Sanchez v. Monumental Life Ins. Co., 102 F.3d 398, 404 (9th Cir. 1996).

Here, the Complaint does not specify a damage figure. Accordingly, Defendant bears the burden of providing evidence supporting the contention that the amount in controversy exceeds $75,000. With respect to restitution, the parties appear to agree that under the Song-Beverly Act, the amount at issue is $14,470. (*Opp'n* 2:4–3:5; *Reply* [Doc. 6] 1:26–27.) They also agree that Plaintiff's consequential and incidental damages, consisting of rescission of the lease agreement, total $22,398.75. (*Opp'n* 4:9–16; *Reply* 1:21–22.) Thus, the parties agree that restitution, and consequential and incidental damages amount to $36,868. The parties disagree on whether Defendant has provided

3

evidence supporting its contention that the amount in controversy should include roughly $39,000 in civil penalties and attorney's fees. The Court will evaluate the two categories separately.

### A. **Civil Penalty**

Defendant argues that the amount in controversy should include a civil penalty of $28,940. (*Opp'n* 3:6–4:6.) This consists of Plaintiff's request for a civil penalty in the amount of two times his actual damages under the Song-Beverly Act. (*Id.* 3:12–14.) In support of this argument, Defendant relies on Brady v. Mercedes-Benz USA, Inc., 243 F.Supp.2d 1004 (N.D. Cal. 2002). (*Id.* 3:7–14.)

In Brady, in evaluating whether the amount in controversy requirement was met, the court doubled the amount of restitutionary damages in order to calculate the civil penalty at issue. Id. at 1009. The decision, however, does not appear based on any attempt to determine whether the facts justified the assumption that plaintiff would be awarded a civil penalty, or any showing by defendant regarding the expected or average civil penalty awarded in analogous cases. Instead, Brady appears to have simply assumed a civil penalty would be awarded.

In contrast to Brady, Plaintiff cites several cases that required defendants to demonstrate that including an estimate of punitive damages in the amount-in-controversy requirement would be reasonable.[2] In Conrad Associates v. Hartford Accident & Indemnity Company, 994 F.Supp. 1196 (N.D. Cal. 1998), an insurance company defendant in a bad-faith case sought to include punitive damages in order to meet the

---

[2] The Court finds cases evaluating whether to include punitive damages in calculating the amount in controversy requirement are helpful in evaluating whether to include a penalty under the Song-Beverly Act. See Brady, 243 F.Supp.2d at 1009 (In evaluating the penalty to include in the amount-in-controversy calculation, court acknowledged that "[c]ourts have held that the civil penalty under the Song-Beverly Act is akin to punitive damages, because both have the dual effect of punishment and deterrence. [Citations omitted.]")

4

amount-in-controversy requirement. In support of its argument, defendant attached a number of jury verdicts awarding punitive damages, and asserted that the average amount of those verdicts should be used in calculating the amount in controversy.

Conrad rejected defendant's argument because, the "defendant made no effort to compare the facts of those cases with the alleged facts of this case." Id. at 1201. Additionally, the court found the "instant case does not appear to contain the egregious circumstances involved in the cases submitted by defendant." Id. Thus, in concluding that punitive damages should not be used in calculating the amount in controversy in that case, the court reasoned that "Defendant's burden cannot be met simply by pointing out that the complaint seeks punitive damages and that any damages awarded under such a claim *could* total a large sum of money, particularly in light of the high burden that must be met in order for a plaintiff even to be eligible for receipt of discretionary punishment." Id.

In evaluating whether to include a civil penalty in calculating the amount in controversy, this Court agrees with the approach in Conrad. Rather than simply assume that because a civil penalty is available, one will be awarded, the defendant must make some effort to justify the assumption by, for example, pointing to allegations in the Complaint suggesting award of a civil penalty would be appropriate, and providing evidence—such as verdicts or judgments from similar cases—regarding the likely amount of the penalty. See also Jackson v. Frank, 2012 WL 6096905, * (N.D. Cal. Dec. 7, 2012) (In evaluating amount in controversy, defendants may introduce evidence of jury verdicts in cases involving analogous facts to establish punitive damage amount) (citing Simmons v. PCR Tech., 209 F.Supp.2d 1029, 1033-34 (N.D. Cal. 2002).)." Such an approach appears more consistent with the general principle that where the state-court complaint does not specify a damage figure, the defendant "must provide evidence that it is 'more likely than not' that the amount in controversy" requirement is satisfied. Sanchez, 102 F.3d at 404; see also Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003) (in evaluating amount in controversy, courts may consider

"facts presented in the removal petition as well as any summary-judgment-type evidence); Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (holding defendant must prove by a preponderance of the evidence whatever is necessary to support the removal).

Here, aside from citing Brady, Defendant makes no effort to explain why the amount in controversy should include a civil penalty of $28,940. Defendant fails to identify which allegations in the Complaint would justify such an award; nor does Defendant submit evidence regarding the size of civil penalties awarded in analogous cases. Accordingly, the Court finds Defendant has failed to establish that the amount in controversy should include a civil penalty in the amount of two times Plaintiff's actual damages.

### B. Attorney's Fees

Defendant also contends the amount in controversy should include $9,190.90, consisting of an estimate regarding Plaintiff's likely attorney's fees in this case. (*Opp'n* 5:25–26.) Plaintiff responds that it would be inappropriate to include *possible* attorneys' fees in calculating the amount in controversy, citing Judge Easterbrook's opinion in Gardynski-Leschuck v. Ford Motor Co., 142 F.3d 955, 958 (7th Cir. 1998). (*See Reply* 4:6–8.)

There is a dispute among the district courts in the Ninth Circuit regarding whether to include attorney's fees incurred after the date of removal. See Stelzer v. CarMax Auto Superstores California, LLC, 2013 WL 6795615, * 6 (S.D.Cal. Dec. 20, 2013). Although this Court would be inclined to follow those cases limiting the amount of attorney's fees to those actually incurred (see Stelzer, 2013 WL 6795615 and Wastier v. Schwan's Consumer Brands, 2007 WL 4277552 at *3 (S.D. Cal. Dec. 5, 2007)), the issue is unnecessary for the resolution of the pending motion.

As discussed above, Defendant has failed to establish that the amount in controversy should include $28,940 in civil penalties. Accordingly, even if the Court

were to agree to include Defendant's estimate of $9,190 in attorney's fees that Plaintiff may incur, the jurisdictional limit would not be satisfied.

IV. **ORDER & CONCLUSION**

Because Defendant has not established that the amount in controversy exceeds $75,000, the Court **GRANTS** Plaintiff's motion [Doc. 5] and **ORDERS** the case remanded to the San Diego Superior Court.

**IT IS SO ORDERED.**

Dated: April 17, 2018

Hon. Thomas J. Whelan
United States District Judge